UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MICHAEL TOLIVER,

              Plaintiff,

                  v.

JOHN C. COLVIN et al.,

              Defendants.

DECISION AND ORDER
12-CV-227(LJV)(LGF)

---

## INTRODUCTION

This case, brought under 42 U.S.C. § 1983, was referred to United States Magistrate Judge Leslie G. Foschio pursuant to 28 U.S.C. § 636(b)(1). On September 28, 2016, Judge Foschio addressed several pending motions in a combined Report and Recommendation/Decision and Order ("R&R/D&O"). Docket Item 98. The plaintiff then objected to Judge Foschio's decision to revoke his *in forma pauperis* status. *See* Docket Item 99 (plaintiff's objections). And the defendants objected to Judge Foschio's recommendation that their motion for summary judgment, which argued that the plaintiff had failed to exhaust his administrative remedies, be denied. *See* Docket Item 101 (defendants' objections).

On November 9, 2016, this Court heard oral argument on the objections by both sides and permitted the parties to make additional submissions. *See* Docket Item 104. Both sides then submitted additional briefing. Docket Items 105 & 106. For the reasons set forth below and in Judge Foschio's R&R/D&O, this Court adopts Judge Foschio's recommendations and affirms his orders, as modified.

## **STANDARD OF REVIEW**

With respect to dispositive matters, such as the defendants' motion for summary judgment, this Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to" and "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see* 28 U.S.C. § 636(b)(1). With respect to non-dipositive matters, this Court "may reconsider" a magistrate judge's decision only "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see* Fed. R. Civ. P. 72(a).

## **DISCUSSION**

**I.    Motion to Revoke *In Forma Pauperis* Status**

The defendants filed a motion to revoke the plaintiff's *in forma pauperis* status "as improvidently granted" under 28 U.S.C. § 1915(g).[1]  Docket Item 57-1 at 1. According to the defendants, the plaintiff had "accumulated over three strikes prior to the filing of the Complaint in this case." *Id.*  The defendants then identified six specific actions that, they argued, should be treated as "strikes" for the purposes of 28 U.S.C. § 1915(g). *See* Docket Item 57-1 at 3-4.

Judge Foschio agreed with the defendants on three of the alleged strikes. *See* Docket Item 98 at 18-24.  He therefore found that the plaintiff had "accumulated three

---

[1] 28 U.S.C. § 1915(g) provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

strikes prior to commencing this action, requiring revocation of his IFP status." *Id.* at 24. Judge Foschio further ordered and recommended that this action

> be stayed pending Plaintiff's payment of the $350 filing fee <u>no later than forty-five (45) days</u> of any order adopting this report and recommendation. Should Plaintiff fail to pay the filing fee within the recommended forty-five day period, the Clerk of the Court should be directed to dismiss the Second Amended Complaint and to close the file.

*Id.* (emphasis in original, footnote omitted).

This Court has reviewed the plaintiff's objections, which largely focus on whether the three strikes that Judge Foschio relied on were, in fact, strikes. *See* Docket Item 99. Under either a de novo or deferential standard, this Court agrees with Judge Foschio's analysis and declines to reject or reconsider Judge Foschio's recommendation and decision concerning the alleged strikes. This Court therefore adopts and affirms the R&R/D&O to the extent that it finds that the plaintiff had three strikes and revokes his *in forma pauperis* status.

This Court does, however, modify the R&R/D&O in one respect. In his objections, the plaintiff claims to have been released from prison. Docket Item 99 at 2. If that still is the case—that is, if the plaintiff no longer is a prisoner—and if the plaintiff "can establish his eligibility for *in forma pauperis* status," then "he, like any non-incarcerated litigant" who has established *in forma pauperis* status, "should be excused from paying the filing fee." *Harris v. City of N.Y.*, 607 F.3d 18, 24 (2d Cir. 2010)[2]; *see*

---

[2] In *Harris*, the Second Circuit found "that a district court can invoke § 1915(g) to dismiss a prisoner lawsuit" without prejudice, even if the prisoner since has been released, so long as the prisoner is permitted to refile and either pay the filing fee or apply for *in forma pauperis* status "like any non-incarcerated litigant." 607 F.3d at 23-24. This Court does not read *Harris* as *requiring* such a dismissal and refiling in all cases, however, and especially not when the parties are four years into litigation. *See also Liner v. Fischer*, 2014 WL 5438037, at *3 (S.D.N.Y. Oct. 27, 2014) (former-prisoner

3

*also McGann v. Comm'r, Soc. Sec. Admin.*, 96 F.3d 28, 30 (2d Cir. 1996) (upon prisoner's release, "his obligation to pay fees is to be determined, like any non-prisoner, solely by whether he qualifies for i.f.p. status"). Therefore, this Court orders that unless the plaintiff pays the $350.00 filing fee[3] *or*, assuming he no longer is a prisoner, submits a new application to proceed *in forma pauperis*[4] within forty-five days of the date of this order, the Second Amended Complaint will be dismissed and the Clerk of Court will close the case.

## II.     Motion for Summary Judgment

The defendants also moved for summary judgment, arguing that the plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a). *See* Docket Item 84 and attachments. Judge Foschio recommended denying the motion because "there exists a genuine issue of material fact as to whether the [inmate grievance process procedures] were in reality available to permit Plaintiff to exhaust administrative remedies prior to commencing this action." Docket Item 98 at 32. Judge Foschio further recommended that, assuming the filing fee issue is resolved, "an evidentiary hearing should be scheduled to resolve whether Plaintiff is excused from properly exhausting administrative remedies." *Id.* at 34.

---

plaintiff with three strikes "directed to pay the Court's filing fee in full or to file an amended IFP application" by certain date or the action would be dismissed).

[3] As Judge Foschio noted, the $50 administrative fee is not required because the plaintiff filed this action in 2012. *See* Docket Item 98 at 24 n.12.

[4] Even without three strikes, it still would be appropriate to request updated information from the plaintiff regarding his *in forma pauperis* status in this matter. Indeed, in his earlier application to proceed *in forma pauperis*, the plaintiff answered most of the questions on the Court's form with some variation of "Not applicable[,] plaintiff is in custody." Docket Item 4 at 2 (¶ 10). As a result, this Court has almost no information regarding the plaintiff's ability to pay fees after his release.

The defendants' objections focus on whether Judge Foschio erred by crediting unsworn allegations in the Second Amended Complaint.  *See* Docket Item 101 at 5-8.  The defendants argue that they are entitled to summary judgment because the plaintiff "cited no evidence at all—other than his own unsworn allegations in the [Second Amended Complaint]—in opposing Defendants' Summary Judgment Motion."  *Id.* at 3.  According to the defendants, "[t]here are no sworn statements in the record attesting to the validity of Plaintiff's allegations in the [Second Amended Complaint]."  *Id.* at 5.

The defendants, however, have ignored the sworn statements of the plaintiff that appear elsewhere in the record, in which the plaintiff affirms, under penalty of perjury, his allegations that administrative remedies were not available to him.  *See, e.g.,* Docket Item 23 at 28, 32.  In fact, the Second Amended Complaint—which seems to be the culmination of a long struggle to condense the plaintiff's various handwritten, pro se filings into one set of allegations—is premised explicitly on those sworn statements.  *See* Docket Item 74 at 7 n.1 ("All facts derived from Plaintiff's ProSe Amended Complaint, Dkt. No.7 and Motion to file a Second Complaint, Dkt. Nos.22 &23.  Further, all quotes are cited and/or taken from said original ProSe filings.").  In other words, although the Second Amended Complaint was not verified, many of the factual statements in it were made under oath in other documents in the record.  For that reason, the defendants' argument lacks merit.  And, upon de novo review, this Court agrees with Judge Foschio's analysis and his conclusion that there is a genuine dispute as to whether administrative remedies were available to the plaintiff.  *See generally Ross v. Blake*, 136 S. Ct. 1850, 1855 (2016) ("A prisoner need not exhaust remedies if they are not 'available.'").

Moreover, the docket reveals the tortured procedural history that apparently led up to the filing of the Second Amended Complaint—something about which Judge Foschio undoubtedly was aware when he cited the Second Amended Complaint in the R&R/D&O. Unfortunately, neither side addressed that history—nor did they point out that certain quotations in the Second Amended Complaint were taken from sworn statements elsewhere in the record—when briefing the objections to the R&R/D&O.[5] Given the nature of the defendants' objections, which largely focus on whether the Second Amended Complaint was or was not sworn, counsel should have addressed these issues more candidly or more carefully.

This Court also has conducted a de novo review of the defendants' remaining objections, which also are without merit. On the issue of whether the Supreme Court has rejected the "special circumstances" exception to exhaustion, the defendants are correct. *See Ross*, 136 S. Ct. at 1858. Judge Foschio recited that exception and discussed it in a footnote, but his reasoning in the R&R/D&O in no way relies upon it. Instead, his recommendation is based on whether administrative procedures were actually available, and—as noted above—this Court agrees with his analysis. Accordingly, this Court adopts Judge Foschio's recommendation, and defendants' motion for summary judgment (Docket Item 84) is denied.

---

[5] In response to the defendants' primary argument, the plaintiff's papers offered very little. *See, e.g.* Docket Item 105 at 5. And at oral argument, the plaintiff's counsel stated that he thought the Second Amended Complaint was itself verified, which was mistaken. Regardless, although this Court "'is not required to consider what the parties fail to point out' when ruling on a motion for summary judgment, 'it may in its discretion opt to "conduct an assiduous review of the record."'" *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001) (quoting *Monahan v. N.Y. City Dep't of Corrections*, 214 F.3d 275, 292 (2d Cir. 2000)).

### III.     Defendants' Request that Plaintiff's Counsel Be Relieved

In their objections, the defendants also argue that Judge Foschio's revocation of the plaintiff's *in forma pauperis* status renders the plaintiff "ineligible to receive court appointed counsel."  Docket Item 101 at 4-5.  Relying on *Mills v. Fischer*, 645 F.3d 176 (2d Cir. 2011), the defendants then ask that the plaintiff's counsel "be relieved of their representation in this matter."  Docket Item 101 at 5.  But neither *Mills* nor 28 U.S.C. § 1915 provides any basis for this Court to grant that request.

Initially, *Mills* is distinguishable because it involved the denial of a pro se litigant's motion "for appointment of counsel."  *Id.* at 177.  In the case at bar, by contrast, the plaintiff's counsel has been representing the plaintiff for more than two years.  And "[d]eciding whether to remove counsel after appointment, as distinguished from deciding whether to initially appoint counsel, raises unique problems and concerns for a court." *United States v. Zelenka*, 112 F. Supp. 2d 708, 717 (M.D. Tenn. 1999) (applying Criminal Justice Act, 18 U.S.C. § 3006A(c), under which court may "terminate the appointment of counsel or authorize payment . . . as the interests of justice may dictate," and finding that terminating appointment of counsel would be unduly prejudicial).

What is more, no real "appointment" of counsel ever was at issue in this case— or, for that matter, in *Mills*[6]—so the defendants have no legitimate interest in the relief they are requesting.  In criminal cases, such as *Zelenka, supra,* attorneys are paid with public money to represent indigent defendants.  For that reason, if an ostensibly indigent defendant actually is able to afford counsel, the government has the right to

---

[6] The *Mills* court even explained its colloquial use of the term "appointment" in a footnote:  "A district court is empowered only to 'request' an attorney to represent an IFP plaintiff, § 1915(e)(1), but case law commonly refers to the arrangement as 'appointed' counsel."  645 F.3d at 177 n.3.

bring that to a court's attention. *See Zelenka*, 112 F. Supp. 2d at 712 ("The Court notes as an initial matter that the government has standing to bring this Motion. . . The government always has the right, and indeed it is charged with the responsibility, of bringing to the Court's attention any possible misuse or waste of public funds."). But under 28 U.S.C. § 1915(e)(1), a court may only "*request* an attorney to represent any person unable to afford counsel." (emphasis added). "Section 1915 . . . does not authorize reimbursement of appointed counsel for the expenses incurred in his representation," *Moss v. ITT Cont'l Baking Co.*, 83 F.R.D. 624, 625 (E.D. Va. 1979), nor does it empower courts to coerce unwilling attorneys into providing uncompensated legal services, *see Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296 (1989) (distinguishing § 1915's use of the "operative term . . . 'request'" from "statutes empowering courts to 'assign' or 'appoint'").

Thus, Judge Foschio made a "request" of the plaintiff's counsel pursuant to § 1915(e)(1). They could have refused the request, but instead they agreed to represent the plaintiff pro bono. Conceivably, they could have agreed to represent the same client even in the absence of a request from the Court. And in the same way, they can continue to represent that client, regardless of whether the Court's request actually was a mistake. If the plaintiff's attorneys later seek to withdraw, they are free to make the appropriate motion, assuming that it does not conflict with their ethical duties to their client. The defendants, on the other hand, have no legitimate basis to interfere in that relationship. Their request therefore is denied with prejudice.

**ORDER**

For the reasons set forth above and in Judge Foschio's R&R/D&O dated September 28, 2016, the defendants' motion for summary judgment (Docket Item 84) is DENIED, and this Court adopts all recommendations and affirms all objected-to orders in the R&R/D&O (Docket Item 98) with the following modification:  Instead of the last three sentences of the R&R/D&O, it is hereby

ORDERED that the plaintiff has **until 45 days from the date of this Order** to pay the $350.00 filing fee or submit a new application to proceed *in forma pauperis*; if the plaintiff does not do so, the action will be dismissed without further order of this Court and the Clerk of Court will close the file; and it is further

ORDERED that if the plaintiff pays the $350.00 filing fee or submits a new application to proceed *in forma pauperis* within 45 days of the date of this order, the action will continue to be referred to Judge Foschio for all pretrial matters, pursuant to 28 U.S.C. § 636(b)(1), including conducting an evidentiary hearing on the issue of exhaustion of administrative remedies.

IT IS SO ORDERED.

Dated:   February 8, 2017
         Buffalo, New York

                                        *s/Lawrence J. Vilardo*
                                        LAWRENCE J. VILARDO
                                        UNITED STATES DISTRICT JUDGE